IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-421-RJC-DCK

| | |
|---|---|
| DATA DRIVEN SAFETY, LLC, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| HEALTH1DATA, LLC, HEALTH1CONSULTING, LLC, and ROBERT JOE RAYOME, JR., | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on the "Plaintiff's Motion To File Redacted Complaint, A Redacted Memorandum In Support Of The Motion For Preliminary Injunction, To File Exhibits Under Seal, And To File Subsequent Pleadings, Briefing, And Documents Under Seal" (Document No. 4) filed July 30, 2020. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will <u>grant</u> the motion in part and <u>deny</u> the motion in part.

A party who seeks to seal any pleading must comply with the Local Rules of this Court. Local Civil Rule("LCvR") 6.1 provides in relevant part as follows:

**LCvR. 6.1  SEALED FILINGS AND PUBLIC ACCESS.**

> **(a)** *Scope of Rule*. To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision- making. As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.

**(b)** *Filing under Seal*. No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.

**(c)** *Motion to Seal or Otherwise Restrict Public Access*. A party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:

> **(1)** A non-confidential description of the material sought to be sealed;
> **(2)** A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
> **(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and
> **(4)** Supporting statutes, case law, or other authority.

To the extent the party must disclose any confidential information in order to support the motion to seal, the party may provide that information in a separate memorandum filed under seal.

**(d)** *Filing of an Unredacted Copy Allowed*. The party seeking to file material under seal may submit an unredacted version of the material under seal for review by the Court along with the motion to seal.

**(e)** *Public Notice*. No motion to seal or otherwise restrict public access shall be determined without reasonable public notice. Notice is deemed reasonable where a motion is filed in accordance with LCvR 6.1(c). Other parties, intervenors, and non-parties may file objections and briefs opposing or supporting the motion within the time provided by LCvR 7.1 and may move to intervene under Fed.R.Civ.P. 24. Where the Court acts before the response, any party or non- party may move to unseal at any time.

**(f)** *Orders Sealing Documents*. When addressing motions to seal, the Court must consider alternatives to sealing. If the Court determines that sealing is necessary, it will state its reasons with findings supporting its decision. The Court will also specify

whether the sealing is temporary or permanent, and also may redact such orders in its discretion.

Local Rule 6.1.

Having considered the factors provided in Local Rule 6.1(c), the Court will allow Plaintiff to file a redacted Complaint and memorandum in support of the motion for preliminary injunction. Exhibits C, E, F, G, and H may also be filed under seal. However, the undersigned will respectfully decline, at this time, to *require* that Defendants' "subsequent pleadings, briefing, and documents" be filed under seal. Instead, the undersigned directs counsel for the parties to confer before Defendants make any substantive filings and to discuss this issue and the utility of submitting an early proposed Protective Order that addresses the parties' concerns.

Noting that the time for Defendants and the public to file a response to the instant motion has not run, the Court will consider any objection to this Order as an objection to the motion, requiring no additional burden for any party or non-party under the Federal Rules of Civil Procedure. See Local Rule 6.1(e).

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To File Redacted Complaint, A Redacted Memorandum In Support Of The Motion For Preliminary Injunction, To File Exhibits Under Seal, And To File Subsequent Pleadings, Briefing, And Documents Under Seal" (Document No. 4) is **GRANTED in part, and DENIED WITHOUT PREJUDICE in part**, as directed herein. Plaintiff's unredacted Complaint and its exhibits (Document No. 3) and the unredacted Memorandum in Support of the Motion for Preliminary Injunction (Document No. 6) shall remain under seal until otherwise ordered by the Court.

**SO ORDERED**.

Signed: August 7, 2020

David C. Keesler
United States Magistrate Judge